WILLIAM JENKS *et al. vs.* HENRY F. SMITH *et als.*

In equity proceedings for an account all the parties, both complainant and respondent, are, after decree for accounting, actors.

A. sued B. in account. B. afterwards filed a bill in equity against A. for partition and for an account of the matters involved in the action at law. A. answered the bill and joined in the prayer for an account; whereupon a decree was entered referring the cause to a

master. Pending the master's hearing, A. in the action at law sued out and served a writ of attachment against B. by mesne process. On motion of B. in the equity cause:

*Held*, that A. should be restrained from prosecuting the action at law and be required to discharge the attachment.

BILL IN EQUITY for partition and an account. On motion for an injunction and for an order to discharge an attachment in a suit at law.

*January* 31, 1885. DURFEE, C. J. This is a·suit in equity for partition and account. It comes before us now on a motion, the ground and object of which may be stated thus : On August 25, 1881, the defendants in this suit commenced an action of account against the complainant William Jenks, and the complainant Royal Lee, executor of the will of Pardon Jenks, deceased, to hold them to an account, on the charge that the said William and Pardon, and, since the decease of said Pardon, the said Royal Lee as his executor, had had the care and management of certain lands and water rights and privileges, belonging to the parties, and had received more than their proportion of the rents, issues, and profits thereof, and had refused to account therefor when requested. · Pending said action the defendants therein and others commenced this suit in equity for a partition of the common rights and estates, and for an account covering the matters involved in the action at law, and for an injunction to restrain the suit at law. The defendants answering joined in the prayer for the account. Thereupon a decree was entered referring the cause to a master for him, among other things, to take the account. After the hearing under this decree was begun, the defendants sued out a writ of mesne process in the action at law, and attached thereon by garnishment certain moneys belonging to said William Jenks and the said Royal Lee as executor. The motion is that the defendants may be restrained from further prosecuting the action at law and be ordered to discharge the attachment.

It is the practice in chancery, where a party is suing for the same matter both at law and in equity, to compel him to elect in which court he will proceed. Story's Eq. Juris. § 889 ; *Rogers* v. *Vosburgh,* 4 Johns. Ch. 84. Where a party so suing has obtained a decree in equity for an account, he will be deemed to have made his election without any order therefor, and will not be permitted

afterwards to proceed at law. *Mocher* v. *Reed*, 1 Ball. & B. 318 ; *Wilson* v. *Wetherherd*, 1 Meriv. 406 ; *Conover* v. *Conover*, 1 N. J. Eq. 403 ; *Wedderburn* v. *Wedderburn*, 2 Beav. 208. " When a decree has been pronounced," say the court, in *Mocher* v. *Reed*, " and the party obtains the relief he prayed, it is a contempt of court to proceed at law." In *Quidnick Company* v. *Chaffee*, 13 R. I. 367, 389, this court decided that after a complainant has carried his suit in equity to a decree, the court will presume that he has made his election, and will stay suits at law for the same matter and order the discharge of attachments in them. The case does not differ in this respect from the case at bar, except that in the case at bar it is the defendants, and not the complainants, who are proceeding at law. But the suit here is for an account, the defendants joined in the prayer for the account, and the decree has been entered accordingly. In such a suit after a decree all the parties are actors, and the court will not permit a complainant to dismiss his own bill unless upon consent. 1 Daniell Chanc. Plead. & Prac. *793. In such a suit, if a balance be found for the defendant, he is entitled to a decree for it against the complainant. If the complainant dies after decree for an account, the defendant can revive the suit against the personal representatives of the complainant, and if he himself dies, his personal representative may revive it. 1 Story's Eq. Juris. § 522. We think, therefore, that at least after a decree to account in a suit for an account, the same presumption of election which applies to the complainant must be held to apply to the defendant praying for the account, and the same rule must be enforced. Clearly, since both suits cannot go on, the suit in equity, in which both parties have joined in obtaining the interlocutory decree for an account, is the one which is entitled to proceed.

The defendants will therefore be required to discharge the attachment. *Order accordingly.*

*James M. Ripley & John F. Lonsdale*, for complainants.

*Hopkins & Potter*, for respondents.